UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEZAREA L.W.,

                        Plaintiff,

v.                                                  6:24-CV-0825
                                                   (GTS/MJK)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

OLINSKY LAW GROUP                      HOWARD D. OLINKSKY, ESQ.
Counsel for Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION      MOLLY CARTER, ESQ.
 Counsel for Defendant
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235


GLENN T. SUDDABY, United States District Judge

# DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Dezarea L.W. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge Mitchell J. Katz recommending that Plaintiff's motion for judgment on the pleadings be denied and the Commissioner's motion for judgment on the pleadings be granted, (2) Plaintiff's Objection to the Report and Recommendation, and (3) the Commissioner's

response to Plaintiff's objection. (Dkt. Nos. 14, 15, 17.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety, Plaintiff's motion for judgment on the pleadings is denied, the Commissioner's motion for judgment on the pleadings is granted, the Commissioner's decision is affirmed, and Plaintiff's Complaint is dismissed.

I. RELEVANT BACKGROUND

A. **Magistrate Judge Katz's Report and Recommendation**

Generally, in his Report and Recommendation, Magistrate Judge Katz determined that the ALJ's RFC finding that Plaintiff is not disabled is supported by substantial evidence and contains no legal error. (Dkt. No. 14.) Specifically, Magistrate Judge Katz determined that the ALJ properly assessed the medical opinions of Drs. Finnocchiaro and Dr. Ellis by considering the consistency and supportability of those opinions as required by the regulations. Magistrate Judge Katz found that the ALJ provided sufficient explanation as to why he found both opinions unpersuasive: both providers found extreme limitations in nearly every functional area, and both opinions are unsupported by objective medical evidence and largely rely on Plaintiff's self-reports of pain. While acknowledging the ALJ failed to "explicitly" assess the opinions for consistency, Magistrate Judge Katz explained that it is nevertheless possible to glean how the ALJ considered the consistency factor because he had summarized objective evidence which was contradictory to Drs. Finnocchiaro and Ellis's restrictive findings immediately preceding his analysis of those opinions. (*Id*.)

As to supportability, Magistrate Judge Katz found the ALJ properly determined that Drs. Finnocchiaro and Ellis's opinions were not persuasive because (a) the opinions were rendered several years after Plaintiff's date last insured ("DLI") and the record does not contain any pre-

DLI treating records from those sources, and (b) neither relied on objective medical evidence, but rather on Plaintiff's subjective reports of pain. While acknowledging Plaintiff's concern that the ALJ failed to perform a proper supportability analysis, Magistrate Judge Katz found that the ALJ "built an accurate and logical bridge from the evidence" which permits meaningful review. (*Id*.)

Finally, as to Plaintiff's argument that the ALJ overlooked Plaintiff's subjective reports of pain, given the objective medical evidence referenced in the preceding paragraphs, Magistrate Judge Katz found that the ALJ's rejection of Plaintiff's subjective reports of pain was proper. (*Id*.)

### B.    Plaintiff's Objections to the Report and Recommendation

Generally, in her Objections to the Report and Recommendation, Plaintiff asserts that Magistrate Judge Katz erred in finding the ALJ's decision is supported by substantial evidence by discounting the ALJ's failure to fully address consistency and supportability in his analysis. (Dkt. No. 15.) First, Plaintiff argues that, because the record contains multiple opinions which offer conflicting and contradictory conclusions as to Plaintiff's work-related limitations, the ALJ was compelled to -- and failed to -- address each opinion for consistency and supportability in accordance with *Loucks*. More specifically, Plaintiff asserts that the ALJ's rejection of Dr. Finnocchiaro's and Dr. Ellis's opinions on the grounds that both were completed several years after Plaintiff's DLI is improper when in fact both providers had been treating Plaintiff for years and both of their opinions reflect back to that period. (*Id*.)

Second, Plaintiff asserts that, by quickly discounting Dr. Finnocchiaro's and Dr. Ellis's opinions, the ALJ overlooked the objective evidence related to those sources. For example,

3

Plaintiff points to the fact that the ALJ (a) failed to properly assess Dr. Finnocchiaro's treatment notes despite her being Plaintiff's primary treating doctor since November or December 2015, and (b) failed to reconcile Dr. Ellis' treating records which show Plaintiff has suffered from moderate loss of joint function, subfluxations, spinal misalignment, and edema indicating worsening subfluxation with other objective evidence in the record.  (*Id*.)

Finally, Plaintiff argues that Magistrate Judge Katz erred in finding that the ALJ's explanations were sufficient to create a "logical bridge" between the evidence and the ALJ's conclusion despite the failure of the ALJ to explain how Dr. Finnocchiaro's treatment notes fail to support her opinion or resolve Dr. Ellis's chiropractic findings and despite Magistrate Judge Katz's acknowledgment that the ALJ failed to properly assess consistency and supportability.

**C.     The Commissioner's Response to Plaintiff's Objections**

Generally, in his response to Plaintiff's objections, the Commissioner asserts that Plaintiff's objections should be rejected for three reasons.  (Dkt. No. 17.)  First, Magistrate Judge Katz determined that the ALJ provided sufficient justification for finding the relevant opinions unpersuasive because both opinions were rendered several years after Plaintiff's DLI, were not supported by objective evidence, and relied on Plaintiff's subjective complaints of pain. Because Plaintiff has failed to object to these findings, the ALJ's decision should be affirmed.  (*Id*.)

Second, Magistrate Judge Katz found that the ALJ properly addressed the consistency factor by reviewing the opinions in light of the other evidence in the record, including evidence which was contradictory.  Because Plaintiff did not object to the evidence in the record, the ALJ's findings should be affirmed.  (*Id*.)

4

Finally, Magistrate Judge Katz did not adopt *post hoc* rationalizations but assessed the ALJ's reasoning and supporting evidence to determine the ALJ's findings were properly supported by evidence and should be affirmed.  (*Id*.)

## II.      APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(c).  "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(c); *accord* Fed. R. Civ. P. 72(b)(2).  "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13

5

(W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

### III.    ANALYSIS

After carefully reviewing the relevant findings in this action, including Magistrate Judge Katz's thorough Report and Recommendation and Plaintiff's and the Commissioner's responses thereto, the Court can find no clear error in the Report and Recommendation:  Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.

The Court would add the following points:

First, the Court finds that some portions of Plaintiff's objections merely reassert arguments presented in her initial Brief.  (*Compare* Dkt. No. 15 *with* Dkt. No. 7.)  As a result, the Court finds that certain "challenged" portions of the Report and Recommendation warrant only a clear-error review.  *See, supra*, Part II of this Decision and Order.  Further, because there is no clear error on the face of the Report and Recommendation, the Courts finds that it survives initial review.

Second, Plaintiff argues that the Magistrate Judge erred when finding that there was no error in the ALJ's failure to more explicitly assess the consistency factor as to the relevant opinions because the medical evidence here does not sufficiently compel a certain conclusion to permit the Court to glean the ALJ's rationale.  (Dkt. No. 15, at 1-2.)  However, Plaintiff's argument ignores the fact that the ALJ's decision is not wholly devoid of any indication of how she considered the consistency of the relevant opinions with the rest of the evidence.

Specifically, as to the opinions of both Dr. Finocchioro and Plaintiff's chiropractor Dr. Ellis, the ALJ noted that those opinions were "not supported by objective findings prior to the date last insured." (T. 960.) The fact that the ALJ used the word "supported" does not suggest that this statement applies only to evidence provided by those sources, and indeed the ALJ discussed earlier in the decision how the relevant objective medical evidence from the various providers in the record showed abnormalities that are reasonably inconsistent with the severe restrictions opined by these providers. (T. 958-59.) As a result, the Court rejects Plaintiff's argument that Magistrate Judge Katz erred in finding the decision provides sufficient information to assess the ALJ's rationale as to the consistency factor related to these opinions.

Plaintiff's arguments regarding the supportability factor fare no better. As to both of these opinions, the ALJ indicated that (a) they were rendered years after the DLI, (b) they were not supported by objective findings from prior to the DLI (which by extrapolation includes records from these specific providers), and (c) although both sources listed pain as a basis for their opined limitations, the ALJ found that pain could not "stand in place of objective medical findings" and in fact concluded that Plaintiff's reports of pain were not wholly supported by the evidence of record (Plaintiff notably does not object to Magistrate Judge Katz's recommended finding that the ALJ's assessment of Plaintiff's pain be affirmed). (T 958-60.) That the ALJ did not specifically discuss every piece of evidence she considered when assessing supportability does not render the analysis so deficient that the Court cannot glean the basis for the ALJ's findings. Plaintiff is entitled to argue that summarizing treatment notes is insufficient to create a logical bridge between the evidence and the ALJ's conclusion, but the Court disagrees that the failure to provide a more detailed analysis prevents meaningful review here, and therefore finds

7

no error in Magistrate Judge Katz's analysis of the ALJ's supportability finding.

Lastly, the Court rejects Plaintiff's argument that *Loucks* permits a court to glean an ALJ's rationale when an ALJ has committed a procedural error by failing to consider the supportability and consistency factors *only* when the record compels a single inescapable conclusion. The statement upon which Plaintiff relies for that assertion was not related to whether the court may affirm even in the face of a procedural error (which it may do where "a searching review of the record assures us that the substance of the [regulation] was not traversed"), but rather to the Second Circuit's finding that a directed finding of disability was warranted as opposed to remand for further administrative proceedings. *Loucks v. Kijakazi*, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (quoting *Estrella v. Barnhart*, 925 F.3d 90, 96 [2d Cir. 2019]). Plaintiff's interpretation of *Loucks* asserted here is therefore clearly inaccurate and does not constitute a basis for a finding of legal error in Magistrate Judge Katz's Report and Recommendation.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report and Recommendation (Dkt. No. 14) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: September 24, 2025
      Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge